```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/29/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Natasha Itwaru,

                              **Plaintiff,**

-against-

New York City Department of Health & Mental Hygiene, Anita Richichi, Barbara Glove-Cox, Monica Pollack, Althea Jackson and Bella Morrow,

                              **Defendants.**

1:24-cv-02020 (JHR) (SDA)

**ORDER TO AMEND**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff Natasha Itwaru, who is proceeding *pro se*, commenced this action on March 17, 2024 (Compl., ECF No. 1) and thereafter paid the applicable filing fees. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990 ("ADA") against Plaintiffs Defendants New York City Department of Health & Mental Hygiene ("DOHMH") and DOHMH employees Anita Richici, Barbara Glover-Cox, Monica Pollack, Althea Jackson and Bella Morrow (collectively, the "Defendants"). Because Plaintiff names as Defendants individuals who work for a New York City municipality, the Court construes the Complaint as asserting constitutional claims under 42 U.S.C. § 1983.[1] The Court also construes the Complaint as

---

[1] Section 1981 "does not provide a separate private right of action against state actors." *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018). Additionally, because the Complaint could be construed as an attempt to assert claims against the NYCDOHMH, itself, under 42 U.S.C. § 1983, the Court notes that Plaintiff may amend her Complaint to add the City of New York as a Defendant. *See Ann v. Wiviott*, No. 21-CV-09210 (LTS), 2021 WL 5450155, at *3 (S.D.N.Y. Nov. 19, 2021) (dismissing § 1983 claim against NYCDOHMH since "an agency of the City of New York, such as [Health & Mental Hygiene], is not an entity that can be sued[]" under § 1983; *see also* N.Y.C. Charter ch. 17, § 396 ("[A]ll actions and

asserting state-law claims against both DOHMH and the individual defendants, under the New York State ("NYSHRL") and New York City Human Rights Laws ("NYCHRL"). *See Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004) (although Title VII and the ADA do not provide for individual liability, an individual who participates in discriminatory conduct may be held liable under the NYSHRL and NYCHRL).

For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this Order.

## STANDARD OF REVIEW

District Courts have the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

---

proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *See id.*

## BACKGROUND

The following facts are drawn from the Complaint. Plaintiff appears to allege that her employer, DOHMH, discriminated against her based on her race, color, national origin and disability because she (1) is from Guyana and "Mix Race-West Indian," and (2) suffers from chronic pain, depression, anxiety, asthma, hypertension and allergies. (Compl. at 4-5.) She asserts that Defendants did not promote her or accommodate her disability, harassed her, treated her differently from similarly situated employees and retaliated against her. (*Id.* at 5.)

The sole factual allegation that appears to support Plaintiff's claims concerns her applying for a position within DOHMH as a current DOHMH employee. She alleges that on September 24, 2021, she applied for the position of Bronx Bureau Director, and DOHMH did not hire her, even though she is "the only high rank[ing] employee of Guyanese/West Indian descent in the Bureau of Childcare." (Compl. at 5.) In the fact section of the Complaint, Plaintiff

refers the Court to an attachment for additional information; however it appears that but Plaintiff failed to attach the document. (*Id.*)

In the relief section of the Complaint, Plaintiff states that she seeks a promotion, accommodation for her disability and money damages. (Compl. at 6.)

## DISCUSSION

Title VII provides that,

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a). This discrimination includes "'not only overt discrimination but also practices that are fair in form, but discriminatory in operation' – that is, practices that have a 'disparate impact'" on members of a class of people protected by the statute. *See Mandala v. NTT Data, Inc.*, 975 F.3d 202, 207 (2d Cir. 2020) (quoting *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971)). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by those statutes, or who has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under the statutes. 42 U.S.C. § 2000e-3(a).

Where a Title VII plaintiff also asserts a Fourteenth Amendment equal protection claim under Section 1983, the "equal protection claim parallels [the] Title VII claim, except that a § 1983 claim, unlike a Title VII claim, can be brought against an individual." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 88 (2d Cir. 2015) (internal quotation marks and citation omitted).

The ADA prohibits discrimination in hiring decisions against any "qualified individual on the basis of disability." 42 U.S.C. § 12112(a). The pleading requirements to state a claim of employment discrimination under the ADA are the same for such a claim brought under the Rehabilitation Act. *See Davis v. N.Y.C. Dep' t of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015).

Finally, the NYSHRL provides for individual liability for "any person" who aids and abets an employer's discrimination, N.Y.H.R.L. § 296(6), and the NYCHRL makes it "an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so." N.Y.C. Admin. Code § 8– 107(6).

These anti-discrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *see Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by that statute. *See Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

Plaintiff does not appear to provide sufficient allegations to suggest that the DOHMH or the individual defendants discriminated against her because of her race, color, national origin or disability. The Court therefore grants Plaintiff leave to file an amended complaint to plead facts in support of her Title VII, Section 1983, ADA, Rehabilitation Act, NYSHRL and NYCHRL claims.

5

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form (copy attached), Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## **CONCLUSION**

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's *Pro Se* Intake Unit within 30 days of the date of this order (*i.e.*, no later than April 29, 2024), caption the document as an "Amended Complaint," and label the document with docket number 24-CV-2020 (JHR) (SDA). An Amended Complaint for Employment Discrimination form is attached to this Order.

Plaintiff may receive court documents by email by completing the Consent to Electronic Service form, which is available at https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf.[2]

If Plaintiff fails to file an amended complaint by the deadline set forth herein, the Court may recommend to District Judge Rearden that this action be dismissed.

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail. It appears that Plaintiff did complete the Consent to Electronics Service form in the Complaint (*see* Compl. at 9); however, Plaintiff must ensure to comply with the additional requirements including creating a PACER account.

**SO ORDERED.**

Dated: New York, New York
March 29, 2024

_____
STEWART D. AARON
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☐ Yes    ☐ No

_____

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I.   PARTIES

A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name            Middle Initial        Last Name

_____
Street Address

_____
County, City                          State                Zip Code

_____
Telephone Number                 Email Address (if available)

B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   _____
               Name

               _____
               Address where defendant may be served

               _____
               County, City              State              Zip Code

Defendant 2:   _____
               Name

               _____
               Address where defendant may be served

               _____
               County, City              State              Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City            State            Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City            State            Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐ did not hire me

☐ terminated my employment

☐ did not promote me

☐ did not accommodate my disability

☐ provided me with terms and conditions of employment different from those of similar employees

☐ retaliated against me

☐ harassed me or created a hostile work environment

☐ other (specify): _____

_____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                 Plaintiff's Signature

_____          _____
First Name        Middle Initial      Last Name

_____
Street Address

_____          _____
County, City                  State                Zip Code

_____          _____
Telephone Number                      Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____  _____  _____  _____
Address                  City             State            Zip Code

_____                   _____
Telephone Number                          E-mail Address

_____                   _____
Date                                      Signature

**Click Here to Save**