```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/18/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Natasha Itwaru,

                              Plaintiff,

-against-

New York City Department of Health & Mental Hygiene, Althea Jackson, Anita Richichi, Barbara Glove-Cox, Bella Morrow, Jose Jimenez, Judouane Lazarre, Monica Pollack, and Renee Noel,

                              Defendants.

1:24-cv-02020 (JHR) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    WHEREAS, on July 1, 2024, the Court issued an Order of Service directing the Clerk of Court to issue summonses for the Defendants in the above-captioned case, which were issued on July 10, 2024 (7/1/24 Order, ECF No. 9; Summonses, ECF No. 10); and

    WHEREAS, the 90-day deadline to serve Defendants with the summonses and the Amended Complaint in accordance with Rule 4(m) of the Federal Rules of Civil Procedure is October 8, 2024 (*see* 7/1/24 Order at 1); and

    WHEREAS, on September 17, 2024, Plaintiff filed a letter apprising the Court regarding the status of service (Pl.'s 9/17/24 Ltr., ECF No. 14, at PDF p. 1); and

    WHEREAS, Plaintiff has been able to serve eight of the nine Defendants and noted that she "attached all eight defendants proof of service affidavit" (*id.*); and

    WHEREAS, the letter however only consists of one page and does not provide any proof of service (*id.*); and

WHEREAS, Plaintiff indicates that she was unable to serve Defendant Bella Morrow ("Morrow") despite an attempt made by process servers at Morrow's last known address on August 30, 2024, and seeks guidance as to how she should proceed (*id.*).

NOW, THEREFORE, it is hereby ORDERED as follows:

1.   No later than Wednesday, September 25, 2024, Plaintiff shall file to the ECF docket proof of service for the eight Defendants who were served.

2.   No later than Wednesday, September 25, 2024, because Plaintiff asserts claims against Morrow, a present or former employee of Defendant New York City Department of Health and Mental Hygiene ("DOHMH"), the New York City Law Department, Office of the Corporation Counsel ("Corporation Counsel"),[1] as counsel for DOHMH, shall either (1) file a letter indicating that she can accept service on behalf of Morrow, if counsel has been authorized to do so,[2] or (2) file a letter supplying Morrow's current service address pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997).[3]

---

[1] The Court notes that in Defendants' September 9, 2024 application seeking additional time to respond to the Amended Complaint (Defs.' 9/9/24 Ltr., ECF No.12), counsel represented to the Court that she is "assigned to represent Defendants, City of New York, and all of the individual defendants in the above-referenced action." (*Id.* at 1.) Based on this representation, the Corporation Counsel seemingly represents Morrow. However, counsel currently only appears on behalf of DOHMH on the ECF docket.

[2] Although a party may be served by delivering a copy of the summons and of the complaint to an agent of that party, "[a party] must show that the agent is 'agent authorized by appointment or by law to receive service of process.'" *Convergen Energy LLC v. Brooks*, No. 20-CV-03746 (LJL), 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020) (quoting Fed. R. Civ. P. 4(e)(2)(C)). "An authorized agent is one with 'actual authority' to accept service of process." *Ferrier v. Atria*, No. 15-CV-03043 (LTS) (KNF), 2015 WL 13986116, at *2 (S.D.N.Y. Dec. 14, 2015) (quoting *Stone v. Bank of Commerce*, 174 U.S. 412, 421 (1899)).

[3] "Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant." *Stephen v. Hall*, No. 19-CV-02225 (JPO) (VF), 2022 WL 6765791, at *1 (S.D.N.Y. Oct. 11, 2022). This includes "assistance from the Court with respect to discovering a defendant's service address[.]" *Peterec v. TGI Fridays, Inc.*, No. 23-CV-08028 (KMK), 2023 WL 6960347, at *2 (S.D.N.Y. Oct. 19, 2023) (ordering defendant TGI Fridays to provide a service address for managers to *pro se* plaintiff).

3. Nothing contained herein affects the November 15, 2024 deadline for Defendants to answer or otherwise respond to the Amended Complaint. (*See* 9/9/24 Order, ECF No. 13.)

**SO ORDERED.**

Dated:   New York, New York
         September 18, 2024

_____
STEWART D. AARON
United States Magistrate Judge