UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATASHA ITWARU,

                  Plaintiff,

-v.-

THE NEW YORK CITY DEPARTMENT OF
HEALTH & MENTAL HYGIENE, et al.,

                  Defendants.

24 Civ. 2020 (JHR) (SDA)

ORDER ADOPTING REPORT
AND RECOMMENDATION

---

JENNIFER H. REARDEN, District Judge:

Plaintiff Natasha Itwaru brings this employment discrimination case against Defendants the New York City Department of Health and Mental Hygiene ("DOHMH") and DOHMH employees Anita Richichi ("Richichi"), Barbara Glove-Cox ("Glove-Cox"), Monica Pollack ("Pollack"), Althea Jackson ("Jackson"), Bella Morrow ("Morrow"), Jose Jimenez ("Jimenez"), Judouane Lazarre ("Lazarre"), and Renee Noel ("Noel") (together with DOHMH, "Defendants"). Before the Court is the Report and Recommendation of Magistrate Judge Stewart D. Aaron, ECF No. 42, recommending that Defendants' motion to dismiss be granted in part and denied in part with leave to amend certain claims. *Id.* at 25-26. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Aaron's recommendation.

## BACKGROUND[1]

Plaintiff filed her Complaint on March 17, 2024. ECF No. 1. The Court referred the case to Judge Aaron for general pretrial purposes and for a report and recommendation on dispositive

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 42.

motions.  ECF No. 3.  On March 29, 2024, Judge Aaron directed Plaintiff to amend the Complaint by April 29, 2024 to "tell the court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief."  ECF No. 5 at 7.  Plaintiff sought an additional 60 days to file her amended complaint.  ECF No. 6.  Judge Aaron granted the extension, ECF No. 7, and Plaintiff filed her Amended Complaint (the "FAC") on June 27, 2024, ECF No. 8.

On September 9, 2024, Defendants requested an extension of time to respond to the FAC from September 11, 2024 to November 15, 2024.  ECF No. 12.  Judge Aaron granted the request.  ECF No. 13.

On November 15, 2024, Defendants moved to dismiss the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 33-34.  Plaintiff filed her opposition on January 17, 2025, ECF Nos. 38-40, and Defendants filed a reply in further support of their motion on February 7, 2025, ECF No. 41.

On July 30, 2025, Judge Aaron issued a 27-page Report and Recommendation recommending that Defendants' motion to dismiss be "granted in its entirety, except for the failure to promote claims against DOHMH, Morrow, Jackson, Jimenez, Richichi, Pollack and Noel."  ECF No. 42 at 25.  Judge Aaron further recommended that, because "there is no private right of action under Section 1981" and no "individual liability under Title VII and the ADA," "Plaintiff [should] not be granted leave to amend on [those] claims because they are futile."  *Id*.  However, Judge Aaron recommended that "Plaintiff be given leave to amend her other claims for which the Court recommends dismissal and leave to replead a Section 1983 claim."  *Id.* at 26.

The Report and Recommendation notified the parties that they had "14 days . . . to file objections."  *Id*.  The Report and Recommendation also cautioned that "**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF**

**OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**.” *Id.* at 27.  On August 11, 2025, Plaintiff requested an extension of thirty days to file her objections to the Report and Recommendation, ECF No. 43, which was granted, ECF No. 44.  Later that day, however, Plaintiff withdrew that request, stating that she “[did] not intend to object to the Report and Recommendation.” ECF No. 45.  No objections have been filed.

## DISCUSSION

In reviewing a report and recommendation, a district court “may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.”  28 U.S.C. § 636(b)(1)(C).  A district court “must determine *de novo* any part of the magistrate judge’s disposition that has been properly objected to.”  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  A magistrate judge’s decision is clearly erroneous only if the district court is “left with the definite and firm conviction that a mistake has been committed.”  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would “result in a waiver of objections and w[ould] preclude appellate review,” ECF No. 42 at 27, Plaintiff did not file any objections to the Report and Recommendation.  Thus, Plaintiff waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (“Where parties receive clear notice of the consequences, failure timely to object to a magistrate’s report and recommendation operates as a waiver of further judicial review of the magistrate’s decision.”

(citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).

The Court has carefully reviewed the Report and Recommendation in any event and, unguided by

objections, finds no clear error.  The Report and Recommendation is well reasoned and grounded

in fact and law.

For the foregoing reasons, the Court grants Defendants' motion to dismiss in part and

denies it in part.  The motion is granted except as to Plaintiff's "failure to promote" claims against

Defendants DOHMH, Morrow, Jackson, Jimenez, Richichi, Pollack, and Noel.  In addition, the

Court grants Plaintiff (1) leave to amend all claims except for her Section 1981, Title VII, and

ADA claims, which are dismissed with prejudice, and (2) leave to replead a Section 1983 claim.

The Clerk of Court is directed to terminate ECF Nos. 33 and 34.

SO ORDERED.

Dated: September 5, 2025
       New York, New York

JENNIFER H. REARDEN
United States District Judge

4