UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATASHA ITWARU,

Plaintiff,

-v.-

THE NEW YORK CITY DEPARTMENT OF HEALTH & MENTAL HYGIENE, et al.,

Defendants.

24 Civ. 2020 (JHR) (SDA)

ORDER ADOPTING REPORT AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff Natasha Itwaru brings this employment discrimination case against Defendants the New York City Department of Health and Mental Hygiene ("DOHMH") and DOHMH employees Anita Richichi ("Richichi"), Barbara Glover-Cox ("Glover-Cox"), Monica Pollock ("Pollock"), Althea Jackson ("Jackson"), Bella Morrow ("Morrow"), Jose Jimenez ("Jimenez"), Judouane Lazarre ("Lazarre"), and Renee Noel ("Noel") (together with DOHMH, "Defendants"). ECF No. 49 (Second Amended Complaint). Before the Court is the Report and Recommendation of Magistrate Judge Stewart D. Aaron, ECF No. 70, recommending that Defendants' motion to dismiss Plaintiff's Second Amended Complaint be granted in part and denied in part. *Id.* at 2. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Aaron's recommendation.

**BACKGROUND**[1]

Plaintiff filed her Complaint on March 17, 2024. ECF No. 1. The Court referred the case to Judge Aaron for general pretrial purposes and for a report and recommendation on dispositive

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 70.

motions. ECF No. 3. On March 29, 2024, Judge Aaron directed Plaintiff to amend the Complaint by April 29, 2024 to "tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief." ECF No. 5 at 7. Plaintiff sought an additional 60 days to file her amended complaint. ECF No. 6. Judge Aaron granted the extension, ECF No. 7, and Plaintiff filed her Amended Complaint (the "FAC") on June 27, 2024, ECF No. 8.

On September 9, 2024, Defendants requested an extension of time to respond to the FAC from September 11, 2024 to November 15, 2024. ECF No. 12. Judge Aaron granted the request. ECF No. 13.

On November 15, 2024, Defendants moved to dismiss the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 33-34. Plaintiff filed her opposition on January 17, 2025, ECF Nos. 38-40, and Defendants filed a reply in further support of their motion on February 7, 2025, ECF No. 41.

On July 30, 2025, Judge Aaron issued a 27-page Report and Recommendation recommending that Defendants' motion to dismiss be "granted in its entirety, except for Plaintiff's [New York State Human Rights Law ('NYSHRL')] and [New York City Human Rights Law ('NYCHRL')] failure to promote claims against DOHMH, Morrow, Jackson, Jimenez, Richichi, Poll[o]ck and Noel." ECF No. 42 at 26. Judge Aaron further recommended that, because "there is no private right of action under Section 1981 against state actors" and no "individual liability under Title VII and the ADA," "Plaintiff [should] not be granted leave to amend on [those] claims because they are futile." *Id.* at 25. However, Judge Aaron recommended that "Plaintiff be given leave to amend her other claims for which the Court recommends dismissal and leave to replead a Section 1983 claim." *Id.* at 26. No objections were filed. On September 5, 2025, the Court adopted Judge Aaron's Report and Recommendation in its entirety. ECF No. 47.

On September 8, 2025, Judge Aaron ordered Plaintiff to file by September 29, 2025 a Second Amended Complaint ("SAC") "consistent with the [] Report and Recommendation and [the Court's] Order." ECF No. 48. Judge Aaron also directed Defendants to respond to the SAC by October 27, 2025. *Id.* Plaintiff filed her SAC on September 29, 2025. ECF No. 49.

On Defendants' application, ECF No. 51, Judge Aaron extended Defendants' time to respond to the SAC to November 7, 2025. ECF No. 52. On November 5, 2025, Defendants requested a second extension, to November 21, 2025, to which Plaintiff did not consent. ECF Nos. 53-54. Judge Aaron granted the application in part and extended Defendants' deadline to November 17, 2025. ECF No. 55. Defendants filed their second motion to dismiss on November 17, 2025. ECF No. 56. They also filed a memorandum of law in support, as well as a declaration with exhibits. ECF Nos. 57-58.

As Defendants' motion to dismiss referred "to matters outside of the pleadings," on November 18, 2025, Judge Aaron ordered Defendants to "serve a notice in compliance with" Local Civil Rule 12.1 by November 20, 2025. ECF No. 59. Judge Aaron also directed Plaintiff to serve her opposition to Defendants' motion to dismiss by December 22, 2025, and Defendants to file their reply by January 5, 2026. *Id.* On November 20, 2025, Defendants filed their confirmation of notice pursuant to Local Civil Rule 12.1. ECF No. 60.

Plaintiff requested, and Judge Aaron granted, an extension of her deadline to respond to the motion to dismiss to January 21, 2026. ECF Nos. 61-62. Plaintiff filed her opposition to the motion to dismiss on that date, ECF No. 64, along with a declaration and exhibits, ECF Nos. 63, 64-1 to 64-48. Defendants requested an extension of time to February 27, 2026 to "file their [r]eply to Plaintiff's [o]pposition," ECF No. 65, which Judge Aaron granted, ECF No. 66. Defendants requested a second extension of time to March 13, 2026. ECF No. 67. Judge Aaron extended

Defendants' deadline to March 6, 2026, ECF No. 68, and Defendants filed their reply in further support of their motion to dismiss on that date. ECF No. 69.

On May 27, 2026, Judge Aaron issued a 21-page Report and Recommendation recommending that Defendants' second motion to dismiss be granted in part and denied in part. ECF No. 70 at 20. Specifically, Judge Aaron recommended that "Defendants' motion to dismiss Plaintiff's NYSHRL and NYCHRL claims in her SAC be granted, except for Plaintiff's NYSHRL and NYCHRL failure to promote claims against Defendants DOHMH, Morrow, Jackson, Jimenez, Richichi, Pollock and Noel." *Id.* at 13. Judge Aaron further recommended that "Plaintiff's Section 1983 claims against DOHMH and her official capacity claims against the Individual Defendants should be dismissed," *id.* at 15, and that "Defendants' motion to dismiss Plaintiff's Section 1983 claims against all Defendants [in their personal capacity] be granted," *id.* at 20. In other words, "[i]f the recommendations [] [] are adopted, the only claims that w[ould] remain in this case are Plaintiff's NYSHRL and NYCHRL failure to promote claims against Defendants DOHMH, Morrow, Jackson, Jimenez, Richichi, Pollock and Noel," and "all claims against Defendants Glover-Cox and Lazarre w[ould] be dismissed with prejudice." *Id.* at 20.

The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file written objections." *Id.* at 21. The Report and Recommendation also cautioned that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**." *Id.* No objections were filed, and no extension of time was requested.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp*., No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc*., No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc*., No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections," ECF No. 70 at 21, the parties did not file any objections to the Report and Recommendation. Thus, the clear-error standard is appropriate. Having carefully reviewed the Report and Recommendation, the Court finds no such error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025). Accordingly, the Report and Recommendation is adopted in its entirety.

Pursuant to the Report and Recommendation, "the only claims . . . remain[ing] in this case are Plaintiff's NYSHRL and NYCHRL failure to promote claims." ECF No. 70 at 20. Under 28 U.S.C. § 1367(c)(3), a court "may decline to exercise supplemental jurisdiction" once it has "dismissed all claims over which it has original jurisdiction." But that provision "is permissive rather than mandatory," *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003), and the court weighs "the traditional 'values of judicial economy, convenience, fairness, and comity'" in

deciding whether to retain the remaining claims. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Having considered the relevant factors, the Court exercises its discretion to retain the remaining NYSHRL and NYCHRL failure-to-promote claims. *See Black v. Ranley*, No. 17 Civ. 9026 (KPF), 2018 WL 2766138, at *10 (S.D.N.Y. June 8, 2018) ("Plaintiffs are proceeding *pro se* and will be inconvenienced by having to re-file their claims in state court; moreover, the Court does not understand that Defendant will be prejudiced by a resolution of Plaintiffs' state-law claims in this Court."); *Nyamu v. Portfolio Recovery Assocs., LLC*, No. 24 Civ. 6861 (LGS) (VF), 2025 WL 1343655, at *7 (S.D.N.Y. Apr. 2, 2025) (Figueredo, M.J.) (recommending "exercising supplemental jurisdiction" over *pro se* plaintiff's state-law claims after dismissing her federal claims), *report and recommendation adopted*, 2025 WL 2753163 (S.D.N.Y. Sept. 26, 2025).

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Consistent with the Report and Recommendation, all claims except "Plaintiff's NYSHRL and NYCHRL failure to promote claims against Defendants DOHMH, Morrow, Jackson, Jimenez, Richichi, Pollock and Noel" are dismissed. ECF No. 70 at 20.

The Clerk of Court is directed to terminate ECF No. 56.

SO ORDERED.

Dated: September 26, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge